U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 29 2016

TONY R. MOORE, CLERK
BY: _____
DEPUTY

a

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

| | |
|---|---|
| LESLIE SOLOMON, Plaintiff | CIVIL ACTION NO. 1:16-CV-388; SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| DEBRA MARTIN, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Leslie Solomon (#122854), filed on March 22, 2016. (Doc. 1). Plaintiff was granted leave to proceed *in forma pauperis* on April 27, 2016. (Doc. 6). Plaintiff was ordered to amend his complaint on May 16, 2016, and his amended complaint was filed on June 13, 2016. (Doc. 8)

Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at Caldwell Correctional Center in Grayson, Louisiana. He complains that he was denied medical care by Debra Martin while he was housed at Avoyelles Correctional Center in Cottonport, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## Factual Allegations

In his complaint, Plaintiff complains of "abuse of authority" and denial of medical care. He claims that Defendant Debra Martin refused to send Plaintiff back to the hospital for follow-up medical treatment for injuries sustained in an accident on March 10, 2015. (Doc. 1, p. 3). Plaintiff was ordered to amend his complaint describe what each defendant did to violate Plaintiff's rights, the place and dates that each event occurred, and a description of the injury sustained as a result of each violation.

Plaintiff was also instructed to provide the facts surrounding the alleged deprivation of medical treatment. He was ordered to state each date on which he sought medical care from Defendant Martin, what complaints or symptoms he experienced on each date that he requested care, whether his request was made verbally or in writing, to whom the request was made, and what response he received to each request. Plaintiff was ordered to state what treatment, if any, he received each time he sought medical care. Plaintiff's amended complaint does not provide any of the information outlined in the Court's amend order.

## Law and Analysis

Medical care claims of convicted prisoners are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, a plaintiff must establish that the defendant prison officials knew of, and then disregarded, an excessive risk to the plaintiff's health and safety. See Farmer v. Brennan, 511 U.S. 825, 837 (1994); Estelle v. Gamble, 429 U.S. 97 (1976).

In other words, the plaintiff must show "deliberate indifference" on the part of the defendants. Wilson v. Seiter, 501 U.S. 294 (1991).

"[D]eliberate indifference is an extremely high standard to meet" and requires a showing that "the officials 'refused to treat [the prisoner], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (citing Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)). Disagreement with diagnosis or treatment cannot support a claim of deliberate indifference. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

In his amended complaint, Plaintiff makes the conclusory allegaiton that he was "denied proper medical attention" and is still being deprived of medical care. (Doc. 8). He provides no facts to support his claim. In Plaintiff's original complaint, he only states that Defendant Martin refused to send him to the hospital for follow-up care on an unspecified date. Plaintiff has not alleged deliberate indifference by Defendant Martin.

Despite having the opportunity and specific instructions to amend, Plaintiff has provided no factual details regarding his claim. Although detailed factual allegations are not required, Plaintiff must state more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). A complaint like Plaintiff's that tenders "naked

3

assertion[s]" devoid of "further factual enhancement" is insufficient to state a claim for relief. Id., (citing Twombly, 550 U.S. at 557).

To the extent that Plaintiff seeks to bring a claim against individuals at Caldwell Correctional Center, where he is now incarcerated, he must submit a new § 1983 form related to those claims.

## Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS

SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 29th day of June, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge